## PEREZ *vs.* THE STATE.

[INDICTMENT UNDER SECTION 3625 OF REVISED CODE FOR KNOWINGLY SUFFERING A GAME WITH CARDS TO BE PLAYED, &C.]

1. *Section 3625 of Revised Code, indictment under; when bad on demurrer or appeal.*—An indictment under section 3625 of the Revised Code, for knowingly suffering a game with cards to be played at, or in, the places named in said section, or in a "highway or some other place" not named in said section, is fatally defective, either on demurrer or on appeal.

APPEAL from the City Court of Mobile.
Tried before Hon. C. F. MOULTON.

The indictment in this case, which was properly endorsed and returned into court, charged that, before the finding thereof, "Constantine Perez, being the proprietor of a tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquor was at the time retailed or given away, or at a public house, highway or some other public place, or at an outhouse where people resorted, knowingly suffered a game with cards to be played at such house or place, against the peace and dignity of the State of Alabama."

No demurrer was interposed to the indictment, but appellant went to trial on a plea of not guilty, was convicted and fined one hundred dollars.

No exceptions were reserved, and the appeal is taken on the record alone.

Perez v. The State.

TURNER, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra*.

PECK, C. J.—The indictment in this case was, as we suppose, intended to be framed under § 3625 of Rev. Code. We know of no other section to which it can be referred; and it is clearly bad, as an indictment under that section. That section declares it to be an offense for any person, being the keeper, proprietor, owner, or superintendent of any tavern, inn, or other public house, or any house where spirituous liquors are sold, retailed, or given away, or of any outhouse where people resort, who knowingly suffers any of the offenses prohibited by the five preceding sections to be committed in his house, or on his premises. Manifestly, the house or premises in, or on, which it may be charged the prohibited offense was knowingly suffered to be committed, must be "*his house, or his premises*," in such sense as gave to the person being the keeper, proprietor, owner, or superintendent thereof, the legal right to have interposed, and prevented the commission of said alleged offense in said house, or on said premises. Now, this indictment charges the appellant with knowingly suffering one of the prohibited offenses to be committed in one or the other of the plans named in said section, *or in a highway, or some other public place*, not named in said section.

Such an indictment is bad, either on demurrer or on appeal. If held to be a good indictment, a person might be convicted and punished for an act, or an alleged omission of a duty, not declared to be an offense by said section, to-wit: for suffering one of the said prohibited offenses to be committed in a highway or some other public place.

Let the judgment of the court below be reversed, and the cause remanded for further proceedings.